FILED
2013 Jun-04  AM 10:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY PRICE, | ) | |
| | ) | |
| Plaintiff , | ) | |
| | ) | |
| v. | ) | Case No. 2:13-cv-00083-AKK-RRA |
| | ) | |
| OFFICER A. PHILLIPS, and | ) | |
| OFFICER B. HILL, | ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Timothy Price, hereinafter referred to as the plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration at the Donaldson Correctional Facility in Bessemer, Alabama.  Named as defendants in the complaint are Correctional Officer A. Phillips; and Correctional Officer B. Hill.  The plaintiff seeks compensatory and punitive damages for alleged excessive force. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners

against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service.  Nevertheless, in order to protect a *pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

## PLAINTIFF'S FACTUAL ALLEGATIONS

The plaintiff's statement of claim consists solely of the following verbatim paragraph:

> "On January 11, 2012, at or around 4:20 p.m. I was attacked by inmate Gerald Young in T-side of R.S.T.U. block behind the shower area.  Officers Phillips and Hill rushed into the block to break up the fight.  Officer Phillips tried to hit me in the head with his stick but hit my hand which was on my head instead, breaking my hand - I was taken to the floor where Officer Hill began hitting me on the back and legs with his stick.  I suffered a broken hand, swollen face and bruises on my back and legs."

(Doc. #1, p. 3).

## DISCUSSION

Maintaining institutional security and preserving internal order and discipline are essential goals of a prison administration and may require limitation or retraction of the

2

constitutional rights of prisoners. *Bell v. Wolfish*, 441 U.S. 520 (1979).  Prison officials must therefore be free to take appropriate action to insure the safety of inmates and staff and the courts will not normally second-guess prison officials on matters involving internal security. *Wilson v. Blankenship*, 163 F.3d 1284 (11th Cir. 1998).  When disciplinary action is taken by a prison official to prevent a security threat or to restore official control, the court's Eighth Amendment inquiry focuses on whether force was applied in a good faith effort to maintain or restore discipline or was undertaken maliciously or sadistically to cause harm. *Sims v. Mashburn*, 25 F.3d 980 (11th Cir. 1994).  The factors to be examined in determining whether the use of force was wanton and unnecessary include an evaluation of: 1) the need for the application of the force, 2) the relationship between that need and the amount of force used, 3) the threat reasonably perceived by the responsible officials and 4) any efforts made to temper the severity of the response.  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

In the present case, the plaintiff pleads no specific facts which directly show a deprivation of rights.  In other words, with respect to convicted prisoners, the actions alleged to have been taken by the defendants violate the constitution only when they are unnecessary and wanton or are done maliciously or sadistically to cause harm. *Whitley v. Albers*, 475 U.S. 312 (1986).  The plaintiff's bare allegations do not show that the defendants' actions were undertaken maliciously or were  unnecessary or wanton with respect to the overall circumstances that may have been associated with the incident.   Standing alone, the defendant's actions would not automatically constitute a violation of the plaintiff's

constitutional rights when viewed in the context of a prison setting where the need for security, order and discipline are paramount. Therefore, the plaintiff has not stated facts which meet the subjective component of an Eighth Amendment claim. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2nd Cir. 1997)

In dealing with excessive force issues, our courts have recognized that prisons are harsh places that present the "ever-present potential for violent confrontation and conflagration." *Whitley*, 475 U.S. at 321; *quoting Jones v. North Carolina Prisoners' Labor Union, Inc*., 433 U.S. 119, 132 (1977). In the face of these conditions, prison officials are charged with the "unenviable task of keeping dangerous men in safe custody under humane conditions." *Farmer v. Brennen*, 511 U.S. 825, 845 (1994). Therefore, in recognition of the hard choices faced by prison officials in the day-to-day operation of penal institutions, our courts are obliged to apply an "appropriate hesitancy" in second guessing those officials who are quite often faced with decisions that are, of necessity, made "in haste, under pressure and frequently without the luxury of a second chance." *Whitley*, 475 U.S. at 321.[1] In this instance, the plaintiff states that he was engaged in a fight with another prisoner; a situation which could have easily escalated into a serious safety and security problem for himself, the staff, and other prisoners, and one which clearly could require an immediate and forceful

---

[1] This is true even if in hindsight a prison guard's actions appear excessive. As stated by the Supreme Court in *Whitley*,"The infliction of pain in the course of a prison security measure does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." 475 U.S. at 319.

response.  Where, as here, the potential for violence "ripens into *actual* unrest and conflict, the admonition that 'a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators' carries special weight." *Whitley*, 475 U.S. at 321.  Absent specific factual allegations pointing to a wanton and unnecessary use of force, the court is not willing to second-guess the defendants' actions in response to a dangerous security breach.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that this action be **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).  If, however, the plaintiff thinks he can state a cause of action based upon the law set out in this report and recommendation, he has fourteen (14) days to file  an amended complaint.  If the plaintiff responds, his new allegations will be addressed.

Plaintiff may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and

the specific basis for objection. Objections not meeting this specificity requirement will not be considered by a district judge.  HOWEVER, THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

DATED this 4th day of June, 2013.

Robert R. Armstrong, Jr.
United States Magistrate Judge